IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY GENE BUCK | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1318-K |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | (<u>Consolidated With</u>: |
| Texas Department of Criminal Justice, | § | No. 3-08-CV-1480-K) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Larry Gene Buck, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1999, petitioner pled guilty to aggravated assault of a public servant and was sentenced to deferred adjudication probation. No appeal was taken. While on probation, petitioner was charged with burglary of a habitation. In 2001, petitioner pled guilty to the burglary charge and was sentenced to 10 years confinement. The trial court also revoked petitioner's probation in the aggravated assault case, found him guilty of that offense, and sentenced him to 10 years in prison. Petitioner did not appeal his burglary conviction or probation revocation. Instead, he filed four applications for state post-conviction relief. All four applications were denied without written order. *Ex parte Buck*, WR-63,551-01 (Tex. Crim. App. Dec. 21, 2005); *Ex parte Buck*, WR-63,551-02 (Tex. Crim. App. Apr. 26, 2006); *Ex parte Buck*, WR-63,551-03 (Tex. Crim. App. Jun 11, 2008);

*Ex parte Buck*, WR-63,551-04 (Tex. Crim. App. Jun. 11, 2008). Petitioner then filed this action in federal district court.[1]

II.

As best the court can decipher, petitioner appears to argue that: (1) the evidence was insufficient to support his aggravated assault and burglary convictions; (2) his burglary conviction was obtained by the use of a coerced confession; (3) he is actually innocent of aggravated assault; (4) both convictions were based on false indictments; (5) the trial court failed to conduct a separate probation revocation hearing; (6) he received ineffective assistance of counsel; (7) his sentences are illegal; (8) he was the victim of a malicious prosecution; and (9) the trial judge colluded with the prosecutor to deny him a fair trial.

By order dated August 18, 2008, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner filed two applications for federal habeas relief--one challenging his guilty plea and resulting conviction for aggravated assault of a public servant (Case No. 3-08-CV-1318-K), and one challenging his guilty plea and resulting conviction for burglary of a habitation (Case No. 3-08-CV-1480-K). The two cases were subsequently consolidated under Case No. 3-08-CV-1318-K.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to aggravated assault of a public servant and was placed on deferred adjudication probation. Judgment was entered on March 25, 1999 and no appeal was taken. Therefore, petitioner's aggravated assault conviction became final for limitations purposes 30 days thereafter on April 26, 1999.[2] TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Petitioner pled guilty to burglary of a habitation and was sentenced to 10 years

---

[2] The 30th day after judgment was entered fell on Saturday, April 24, 1999. As a result, petitioner had until the following Monday, April 26, 1999, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

confinement on October 12, 2001. His deferred adjudication probation on the aggravated assault charge also was revoked at that time. Because petitioner did not appeal his burglary conviction or probation revocation, those convictions became final 30 days thereafter on November 12, 2001.[3] *See* TEX. R. APP. P. 26.2(a). Petitioner filed separate state writs seeking sentence credits with respect to his aggravated assault conviction and burglary conviction. One writ was filed on October 5, 2005 and denied on December 21, 2005. The other writ was filed on October 17, 2005 and denied on April 26, 2006. Petitioner filed two more state writs challenging his aggravated assault and burglary convictions. Both writs were filed on February 28, 2008 and denied on June 11, 2008. Petitioner filed this action in federal court on July 29, 2008.

The AEDPA statute of limitations on petitioner's aggravated assault conviction started to run on April 26, 1999. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *six years* to challenge that conviction in state or federal court. The one-year limitations period on petitioner's burglary conviction started to run on November 12, 2001. *Id.* Petitioner waited more than *three years* before seeking state or federal post-conviction relief with respect to that conviction. No explanation has been offered to justify these delays. Consequently, this case should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[3] The 30th day after judgment was entered fell on Sunday, November 11, 2001. As a result, petitioner had until the following Monday, November 12, 2001, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE